UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. H-07-51 |
| | § |
| ROBERT WAYNE LOCKHART | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas and Robert Stabe, Assistant United States Attorney, and the defendant, Robert Wayne Lockhart, the defendant's counsel, Tom Berg, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Count One of the Indictment. Count One charges the defendant with Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B), 2252A(b)(1) and 2256(8)(A-C). The defendant, by entering this plea agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt and is knowingly waiving the right to have the case presented to a grand jury.

### Punishment Range

2. The statutory penalty for a violation of Title 18, United States Code, Sections

2252A(a)(2)(B), 2252A(b)(1) and 2256(8)(A-C) is imprisonment for a minimum of five (5) years up to twenty (20) years, and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of any term of years or life. Title 18, U.S.C. §§ 3559(a) and 3583(k). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation.   Title 18, U.S.C. §§ 3559(a) and 3583(e). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

## Mandatory Special Assessment

3.     Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4.     Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5.     Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6.     Defendant agrees to make complete financial disclosure by truthfully executing a

sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.

## Waiver of Appeal

7. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or (c) Defendant's plea is later withdrawn.

8. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United

States or the Probation Office, is a prediction, not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.     The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10.    The United States agrees to each of the following:

(a)    At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines.

(b)    If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater.

(c)    The United States will not oppose the Defendant's anticipated request for a sentence at the low end of the guideline range.

(d)    If the Defendant persists in his plea of guilty through sentencing, the United States will dismiss Count Two of the Indictment.

**United States' Non-Waiver of Appeal**

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

**Sentence Determination**

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the

obligations under this plea agreement.

## Rights at Trial

13. Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

   (c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he/she _is_ guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

On July 13, 2005, a special agent with the FBI from New Orleans, Louisiana logged on to

the peer-to-peer file sharing program "LimeWire." The agent did a search for "pedofilia." He found several files containing child pornography available for download from IP address 64.219.77.160. The agent downloaded 6 of these files. Two examples of the images downloaded by the agent in New Orleans, Louisiana is a file entitled "PTHC Ultra Hard Pedo Child Porn Pedofilia (New) 056(1).jpg" which depicts a prepubescent female performing oral sex on an adult male and a file entitled "PTHC Ultra Harad Pedo Child Porn Pedofilia (New) 054(1).jpg" which depicts the same prepubescent female kneeling nude on a bed with her hands bound behind her back.

The agent did a "whois" search and found that the IP address belonged to SBC internet service provider. He subpoenaed SBC for information relating to this IP address during the time of the download. The result was that the IP address, during that time, belonged to Robert Lockhart at 1465 Campbell Road, Apartment 30, Houston, Texas 77055, (713) 984-8533, with email address, robertlockhart@sbcglobal.net. The agent forwarded this information to Houston FBI.

FBI Houston agents opened a file and did a driver's license and background check on Robert Lockhart. On January 27, 2006, they obtained a State search warrant from the 178th District Court for Harris County, Texas. On January 30, 2006, FBI Houston agents executed the search warrant on the defendant's residence. Several computers, CD's, DVD's, floppie discs and the like were seized. The defendant and two of his sisters were there. One of the sisters told agents that the computers were the defendant's and stayed in his locked room all the time. The other sister said the same except that she is allowed to use one of them with the defendant's supervision.

The defendant stated that he was the sole user and that neither sister used his computers. He admitted to using LimeWire and BearShare to download and share child pornography. He estimated that the agents would find about 1,000 images of child pornography. He denied ever having

molested a child or gaining sexual gratification from the images, even though he looked at the images every day.

A computer forensic analysis found a large number of images of child pornography on a DVD and two computers. These images included children under 12, penetration, bondage and other forms of child pornography. The information was sent to NCMEC and they found 1,741 of the images contained known victims and 3 of the movies contained known victims. In addition, of the images/videos found, 78 known series were identified. All six of the images downloaded by the New Orleans agent were also found on the defendant's two computers.

## Breach of Plea Agreement

15. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

16. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Complete Agreement

17. This written plea agreement, consisting of 11 pages, including the attached addendum

of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

    18.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _August 3rd_, 2007.

_____
Robert Wayne Lockhart
Defendant

Subscribed and sworn to before me on _August 3rd_, 2007

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

DONALD J. DeGABRIELLE, JR.
United States Attorney

By: _R Stabe_                   _____
Robert Stabe                                Tom Berg
Assistant United States Attorney       Attorney for Defendant
Southern District of Texas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § | CRIMINAL NO. H-07-51 |
| § | |
| ROBERT WAYNE LOCKHART § | |
| Defendant. § | |

### PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his/her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    _8/3/07_____
Tom Berg                                           Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    ____8/3/07_____
Robert Wayne Lockhart                                Date
Defendant